UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MAURICE JAMES SCALES,

      Petitioner,

v.

STATE OF MINNESOTA,

      Respondent.

Case No. 22-CV-0349 (PJS/JFD)

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Maurice James Scales's: (1) Petition Under Title 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1); (2) two pending Applications to Proceed in District Court Without Prepaying Fees or Costs ("*in forma pauperis*" or "IFP") (Dkt. Nos. 2, 19); and (3) various Motions seeking relief from a state-court conviction discussed below (Dkt. Nos. 3–7)[1]. For the following reasons, the Court grants the Second IFP Application, denies the First IFP Application as moot, recommends dismissing the Petition without prejudice, and recommends denying the remaining pending Motions as moot.

The Court received Mr. Scales's First IFP Application on February 4, 2022. On February 7, 2022, the Court ordered Mr. Scales to "file a completed IFP application," given

---

[1] (*See* Mot. for Expungement or Sealing of Criminal Court Case—5th Degree Drug Possession (Dkt. No. 3); Mot. for Expungement or Sealing of Criminal Court Case—5th Degree Domestic Assault (Dkt. No. 4); Mot. to Pardon Conviction (Dkt. No. 5); Mot. to Pertain Conviction (Dkt. No. 6); Mot. to Reply [to] Mr. Scales Dapotinary [*sic*] Req. for Seal Cert from the Courts (Dkt. No. 7).)

that the First IFP Application "contain[ed] no substantive information about Mr. Scales's financial situation." (See Order 1, Dkt. No. 10.) The Court received the Second IFP Application on February 22, 2022. (See Second IFP Appl. at 1.) Based on the information provided, the Court will grant the Second IFP Application; given that decision, the Court will deny the First IFP Application as moot.

In October 2020, authorities charged Mr. Scales with one count of fifth-degree criminal sexual conduct, violating Minnesota Statute § 609.3451, subd. 1(1) (2020). (*See* Compl. at 1, *State v. Scales*, No. 27-CR-20-22312 (Minn. Dist. Ct. Oct. 19, 2020).[2]) Under Minnesota law, such violations are generally gross misdemeanors, but under Minn. Stat. § 609.3451, subd. 3(a) (2020), as relevant here, a violation of § 609.3451, subd. 1, was a felony if it occurred within seven years of a defendant being convicted under "a statute from another state in conformity" with Minn. Stat. § 609.3451. This purportedly applied to Mr. Scales, who had been found guilty of aggravated criminal sexual abuse, in violation of Illinois law, in April 2014. (*See id.* at 2.)

Mr. Scales pleaded guilty in his Minnesota case. (*See* Sentencing Order at 1, *State v. Scales*, No. 27-CR-20-22312 (Minn. Dist. Ct. Jan. 8, 2021).) The trial court sentenced him to 48 months' imprisonment, to be followed by 24 months of supervised release. (*See id.*)

---

[2] Many of the state-court documents cited in this Order and Report and Recommendation are not attached to any of this action's filings. They are public court records, however; as such, the Court may take judicial notice of them. *See, e.g.*, *Von Kaenel v. Armstrong Teasdale, LLP*, 943 F.3d 1139, 1143 (8th Cir. 2019) (quoting *Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 903–04 (8th Cir. 2017)); *Fredin v. Middlecamp*, 500 F. Supp. 3d 752, 761 (D. Minn. 2020) (citing cases), *aff'd*, 855 F. App'x 314 (8th Cir. 2021).

Counsel for Mr. Scales filed a notice of appeal in April 2021. (*See* Not. of Appeal at 1, *State v. Scales*, No. 27-CR-20-22312 (Minn. Dist. Ct. Apr. 8, 2021).) On August 30, 2021, however, Mr. Scales filed a notice of dismissal, so the Minnesota Court of Appeals dismissed his appeal in an order dated September 1, 2021. (*See* Not. of Dismissal at 1, *State v. Scales*, No. A21-0461 (Minn. Ct. App. Aug. 30, 2021); Order, *State v. Scales*, No. A21-0461 (Minn. Ct. App. Sept. 1, 2021).)  As best as the Court can tell, before the voluntary dismissal, the parties had filed no substantive briefing. *See* Case Information, *State v. Scales*, No. A21-0461 (Minn. Ct. App.) (presenting case docket and showing no filed briefing), *available at* https://macsnc.courts.state.mn.us (last accessed Mar. 18, 2022).

The Court received Mr. Scales's pending Petition on February 4, 2022. (*See* Pet. 1.[3]) The Petition is not entirely clear, but seems to raise two grounds. (*See id.* at 5–11.) First, Mr. Scales suggests that authorities violated his right to a speedy trial, and that as a result, they "forced [him] to wait and [plead] guilty." (*Id.* at 5.) Second, Mr. Scales argues that Covid-19's presence "around the county" during his state-court case "made it hard on both side[s] [to] make sound [judgments]." (*Id.* at 7.) As the discussion above suggests, nothing in the Petition or state-court records indicates that Mr. Scales has raised either issue with the Minnesota courts. (*Id.* at 5, 7; *see also* Register of Actions, *State v. Scales*, No. 27-CR-20-22312 (Minn. Dist. Ct.) ("*Scales* State Docket") (showing no appeal save that dismissed in September 2021).)

---

[3] Citations to this action's filings use the page numbers provided by the Court's CM/ECF electronic filing system.

This raises the question whether Mr. Scales has exhausted his state-court remedies as to the Petition's claims.[4] Mr. Scales seeks to challenge his custody "pursuant to the judgment of a State court," so the Petition is subject to 28 U.S.C. § 2254. Under § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."[5] The point of this requirement is to give "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (cleaned up)); *see also Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (quoting *Duncan*). To exhaust state-court remedies, a prisoner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29 (quoting *Duncan*, 513 U.S. at 365–66); *see also, e.g.*, *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (discussing fair-presentment requirements (citing cases)).

---

[4] Courts addressing habeas petitions subject to § 2254 may consider exhaustion *sua sponte*. *See, e.g.*, *McCartney v. Vitek*, 902 F.2d 616, 617 (8th Cir. 1990) (per curiam); *Bennett v. Blue Earth Cty. Dist. Ct.*, No. 16-CV-3054 (WMW/SER), 2017 WL 957439, at *2 (D. Minn. Feb. 2, 2017) (citing *Davis v. Campbell*, 608 F.2d 317, 320 (8th Cir. 1979)), *R. and R. adopted*, 2017 WL 963155 (D. Minn. Mar. 9, 2017).

[5] A petitioner need not show exhaustion if "it appears that . . . there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). But the Petition makes no effort to show that either exception applies here.

There is plenty of caselaw on how to fairly present claims, but here, analysis of that precedent is unnecessary. The record is clear that Mr. Scales has not shepherded *any* issues—including the two cited in the Petition—through the Minnesota state courts. The Petition's claims are thus unexhausted.

The U.S. Court of Appeals for the Eighth Circuit has explained as follows the upshot of a prisoner's claims being unexhausted:

> When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the "stay and abeyance" procedure described in *Rhines v. Weber*, [544 U.S. 269] (2005).[6] However, if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default" . . . .

*Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (citations omitted); *see also Latimer v. Smith*, 351 F. Supp. 3d 1218, 1223 (D. Minn. 2018) (citing *Armstrong*); *Hamilton v. Roehrich*, 628 F. Supp. 2d 1033, 1046 (D. Minn. 2009) (quoting *Armstrong*).

In the present action, Mr. Scales appears to have an available state-court remedy. It may be too late for him to directly appeal his conviction, but it appears that he can still file a petition for postconviction review. *See, e.g.*, Minn. Stat. § 590.01, subd. 1 (discussing

---

[6] "Under this procedure, rather than dismiss the . . . petition . . . , a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Rhines*, 544 U.S. at 276.

availability of petitions for postconviction relief); *id.* § subd. 4 (setting general two-year time limit for filing postconviction-review petitions); Minn. R. Crim. P. 28, subd. 4(3)(a) (setting filing deadline for direct appeal, as relevant here, at "90 days after final judgment or entry of the order being appealed"); *Scales* State Docket (showing sentencing order filed on January 8, 2021).[7] Thus, under *Armstrong*, this Court "must defer action until the claim[s] [are] exhausted."

The Court next turns to whether to dismiss the Petition without prejudice or use the *Rhines* stay-and-abeyance procedure. As a preliminary point, it is not entirely clear whether the *Rhines* procedure is available in cases featuring completely unexhausted petitions—after all, *Rhines* concerned a "mixed" petition where the petitioner had exhausted some claims, but not others. Those circuits that have considered the issue all permit the *Rhines* procedure to apply to completely unexhausted petitions,[8] but the Eighth Circuit has not yet

---

[7] The Court is aware of Minnesota's rule that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976); *see also, e.g.*, *Colbert v. State*, 870 N.W.2d 616, 626 (Minn. 2015) (quoting *Knaffla*). Here, Mr. Scales filed a direct appeal, suggesting that the *Knaffla* rule might prevent him from filing a postconviction-review petition. As noted above, however, Mr. Scales voluntarily dismissed his direct appeal. The Minnesota Court of Appeals has ruled that when a prisoner dismisses an appeal before it receives appellate review—as happened here—a postconviction-relief petition is not *Knaffla*-barred. *See Brown v. State*, No. A11-1308, 2012 WL 1253095, at *3 (Minn. Ct. App. Apr. 16, 2012).

[8] *See* Brian R. Means, *Postconviction Remedies § 23:22* (Westlaw, through July 2021 update); *see also, e.g.*, *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016) ("[T]he *Rhines* stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims."); *Doe v. Jones*, 762 F.3d 1174, 1178 (10th Cir. 2014) ("While the Court in *Rhines* explicitly discussed stays in the mixed-petition context, its rationale is potentially applicable to a petition with wholly unexhausted claims that is protectively filed during the pendency of state postconviction proceedings."); *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009) ("[A] petitioner may file a 'protective'

6

considered the issue. For present purposes, the Court need not decide the issue—it will simply assume, without deciding, that a *Rhines* stay might be appropriate even where a petition is completely unexhausted.

Addressing when a *Rhines* stay is appropriate, the U.S. Supreme Court has said that such a stay "should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*; *see also, e.g.*, *Howard v. Norris*, 616 F.3d 799, 801 (8th Cir. 2010) (citing *Rhines*). Furthermore, even where good cause exists, a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless," and a district court should not grant a stay when a petitioner has engaged in abusive litigation tactics or intentional delay. *Id.*; *see also, e.g.*, *Howard*, 616 F.3d at 801 (citing *Rhines*).

In this action, there is no suggestion of any good-faith basis for Mr. Scales's failure to exhaust state-court remedies. The Court thus need not address the other *Rhines* factors. The Court recommends that no *Rhines* stay issue here; the Petition should instead be dismissed without prejudice. Given this resolution, the Court further recommends that Mr. Scales's pending Motions at Dkt. Nos. 3 through 7 all be denied as moot.

---

petition meriting a stay under *Pace* even where only unexhausted claims are at issue . . . ."); *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006) (denying state's petition for rehearing and holding that district court may enter *Rhines*-type stay where petitioner "has not exhausted any of his claims").

One final issue concerns whether to issue Mr. Scales a certificate of appealability ("COA"). Under Title 28 U.S.C. § 2253(c)(1)(B), "[u]nless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." Under § 2253(c)(2), "[a] [COA] may issue under [§ 2253(c)(1)] only if the applicant has made a substantial showing of the denial of a constitutional right." And

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that no reasonable jurist would disagree with this Court's procedural recommendations (i.e., that the Petition should be dismissed without prejudice, and that no *Rhines* stay should issue). As a result, the Court recommends not granting Mr. Scales a COA.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Petitioner Maurice James Scales's first application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** as moot; and

2. Mr. Scales's second application to proceed *in forma pauperis* (Dkt. No. 19) is **GRANTED**.

8

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Mr. Scales's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Dkt. No. 1) be **DISMISSED** without prejudice;

2. Mr. Scales's pending Motions at Dkt. Nos. 3–7 all be **DENIED** as moot; and

3. No certificate of appealability be issued.


Dated: March 25, 2022                    *s/ John F. Docherty*
                                         JOHN F. DOCHERTY
                                         United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).